UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-60149-CIV-DIMITROULEAS/HUNT

FREDDY SPARKS, JR.,

      Plaintiff,

vs.

MARTIN O'MALLEY[1]
Commissioner of Social Security,

      Defendant
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion for Attorney Fees Pursuant To 42 U.S.C. 406(b)(1) ("Motion").  ECF No. 28.  The Honorable William P. Dimitrouleas referred this matter to the undersigned for appropriate disposition. ECF No. 29.  Upon thorough review of the Motion, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion be GRANTED as set forth below.

## BACKGROUND

Freddy Sparks, Jr., ("Plaintiff") initiated this action for judicial review of a final decision of the Commissioner of Social Security on January 1, 2021.  ECF No. 1.  On December 29, 2021, the District Court adopted the report and recommendation of the

---

[1] O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

United States Magistrate Judge recommending Plaintiff's summary judgment be granted and remanded the case for further proceedings. ECF No. 25. Plaintiff then filed his first Motion for Attorneys' Fees and Costs pursuant to 28 U.S.C. § 2412 and o 28 U.S.C. § 1304. ECF No. 26. The District Court granted Plaintiff's Motion on April 2, 2022. ECF No. 27. Plaintiff now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $5,697.96, representing the remainder of his 25 percent contingency fee as offset by his previous award. The Commissioner neither opposes nor supports the petition, and did not file any response.

## DISCUSSION

"Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV-MATTHEWMAN, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2512(d); *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)). As determined by this Court's previous Order, Plaintiff has satisfied all the requirements.

Contingency fee awards of up to 25 percent of past-due benefits are allowable under the Social Security Act. *See Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). Under § 406(b), "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." *Madison v. Berryhill*, No. CV 16-00123-N, 2018 WL 4390733, at *3 (S.D. Ala. Sept. 14, 2018).

Counsel has included billing records as well as an affidavit.  Counsel notes that the total award would compensate the 34.12 hours worked at $368.49 per hour.  "A court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1999) (internal quotation omitted).  Considering Plaintiff's experience and expertise, as well as the record, the undersigned finds Plaintiff's fee reasonable.[2]

Accordingly, the undersigned finds that Plaintiff is entitled to a fee award under the EAJA in the amount of $5,697.96.

## **RECOMMENDATION**

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Motion for Attorney Fees Pursuant To 42 U.S.C. 406(b)(1), ECF No. 21, be GRANTED. Plaintiff should be awarded fees under the EAJA in the amount of $5,697.96.

---

[2] Counsel notes that the present motion may be untimely due to a calendaring error but asks this Court to consider the 11th Circuit's note in *Blitch v. Astrue* that "it is our hope the district courts . . . will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants." 261 F. App'x 241, 242 n.1 (11th Cir. 2008).  Courts have declined to address timeliness issues where, as here, the timeliness was not contested by the Commissioner.  *See, e.g., Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1277-78 (11th Cir. 2006); *Madison v. Berryhill*, No. CV 16-00123-N, 2018 WL 4390733, at *2 (S.D. Ala. Sept. 14, 2018).  The undersigned likewise sees no reason to find Plaintiff's Motion untimely in this instance.

3

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 25th day of October 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record